**In the United States District Court
for the
Western District of Texas**

| | |
|---|---|
| **PENELOPE Y. SOTO** § | |
| § | |
| **v.** § | |
| § | **SA-12-CV-790-XR** |
| **COSTCO WHOLESALE CORP.** § | |

**ORDER**

On this day came on to be considered Defendant's motion for summary judgment (docket no. 17).

**Background**

Plaintiff first began working for Costco on May 29, 2002.[1]  She began receiving progress reviews indicating performance issues as early as July 3, 2002.[2]  Nevertheless, her overall annual performance reviews were satisfactory.

In March 2008, employees in the Membership Department were given sales quotas and informed that failure to meet the goals could result in disciplinary action.  Plaintiff alleges that she and other employees complained of the sales quotas, and that she was reprimanded for "gossiping."

During November 2008, Plaintiff alleges that she became depressed and stressed about meeting her sales quotas.  During Thanksgiving 2008, she alleges she felt suicidal and informed her supervisor that she was ill and would not be at work.

---

[1] Defendant's summary judgment evidence establishes that Plaintiff was initially employed on a part-time basis as a Membership Assistant.  She began working full-time in August 2007 as a Refund Clerk.  Refund Clerks dealt with refund issues from customers, but also were expected to sell Costco memberships.

[2] Needs improvement - safe work habits.  August 14, 2002 (work pace, quality of work, neatness, safe work habits).  On May 27, 2004, May 12, 2005, and May 23, 2006, she was counseled "to not take what is being said as a personal attack but as constructive criticism").  Defendant's Appx 109, 112, 115.

Sometime during 2009, Plaintiff alleges that she approached General Manager Randall Urushima about an accommodation and transfer to a less stressful position. She alleges that she was informed that she could only transfer if there was an open position and that if she could not perform her job "with your disabilities then maybe you need to look for a new job."[3]

Plaintiff's May 27, 2009 performance review indicates that she was counseled to improve on obtaining "Executive" memberships. Plaintiff rated herself as not meeting expectations in several areas, including membership sales.[4] Plaintiff's June 9, 2010 performance review rated Plaintiff as needing improvement in various areas.[5] Beginning on July 27, 2009, Plaintiff began receiving various counseling notices for various infractions.[6]

On February 18, 2010, Plaintiff complained that another employee, Miriam Ordway, made an inappropriate comment to her (allegedly stating that Plaintiff was operating a phone sex business during all the time she was away from work). The company investigated the complaint, but found no evidence to support the allegation.[7]

On September 13, 2010, Plaintiff was counseled and warned that she was facing suspension and/or possible termination because she had accumulated excessive counseling notices within a six-month period.[8] That same day, Plaintiff called Sophia Terada[9] complaining

---

[3] Plaintiff's Original Petition at ¶ 18.
[4] Defendant's Appx. at 123.
[5] Id. at 125-128.
[6] Id. at 136 (excessive tardiness). On October 6, 2009, Plaintiff received a counseling notice for no call/no show. Id. at 138. On June 10, 2010, Plaintiff received a counseling notice for taking an unauthorized extended break. Id. at 140. On August 30, 2010, Plaintiff received a counseling notice for failing to correctly perform her refund duties. Id. at 141. On September 11, 2010, Plaintiff was counseled for "loafing." Id. at 142. On September 13, 2010, Plaintiff was counseled for leaving her work shift early without authorization. Id. at 143.
[7] Plaintiff's Response to MSJ at docket number 21-15 (Exhibit F).
[8] Defendant's Appx. at 145.
[9] Apparently someone in the Company's human resources department who answered phone call-in complaints.

...

about how her manager was treating her. During the phone conversation Plaintiff relayed that she had been on FMLA leave because of depression and a suicide attempt in 2008.[10]

On October 13, 2010, Plaintiff was counseled for being tardy to work.[11] She again was counseled that she was facing suspension and/or termination because she had accumulated too many counseling notices.[12] On December 23, 2010 and March 22, 2011, Plaintiff was again counseled for excessive absenteeism.[13]

On March 3, 2011, Personnel Specialist Kristina Jung wrote a letter to Plaintiff informing her that an investigation into her complaints of harassment and retaliation had been conducted, and that although some managerial actions could have been handled in a more professional manner, the facts did not support any claims that company policy had been violated.[14]

On April 12, 2011, Plaintiff was counseled for tendering to the company her own personal check that was returned for insufficient funds.[15]

On or about May 25, 2011, Plaintiff saw Ken Locke, P.A. who diagnosed her as suffering from elbow tendonitis. It was noted that Plaintiff was unable to work from May 18 through June 11, 2011. Plaintiff was told to avoid any heavy lifting, given a brace and given a prescription.[16] A Costco Work Restrictions Form indicates Plaintiff was placed on a no repetitive lifting of 5-20 pounds restriction until August 14, 2011.[17] On June 7, 2011, Plaintiff's physician completed a FMLA form indicating that Plaintiff required medical leave from May 25 through June 13, 2011.[18]

---

[10] Plaintiff's Response to MSJ at docket number 21-16 (Exhibit G).
[11] Defendant's Appx. at 146.
[12] *Id*. at 148.
[13] *Id*. at 149, 152.
[14] Plaintiff's Response to MSJ at docket number 21-17 (Exhibit H).
[15] Defendant's Appx. at 154.
[16] Plaintiff's Response to MSJ at docket number 21-7 (Exhibit C).
[17] *Id*. at 21-8 (Exhibit C-2).
[18] Id. at 21-9 (Exhibit C-3).

On June 18, 2011, Plaintiff was again counseled for excessive tardiness.[19]

On August 22, 2011, Plaintiff's physician completed a FMLA form that notified Plaintiff's employer that she was suffering from anxiety, insomnia and depression that could require work absences for office visits.[20]

On September 13, 2011, Plaintiff's manager, Randall Urushima, sent various emails to Costco managers and/or human resources personnel seeking clarification as to whether Plaintiff could be counseled, disciplined or discharged for absenteeism issues. The recommendation was made to Mr. Urushima not to counsel Plaintiff at that time.[21]

On November 9, 2011, Plaintiff's physician completed a FMLA form that indicated that Plaintiff could return to work with no further medical or physical restrictions. The physician indicated, however, that the Plaintiff could require absences for medical office visits for "flares of anxiety, insomnia and depression."[22]

On November 10, 2011, Plaintiff was counseled for failing to follow the posted work schedule.[23] A counseling notice was also issued that same day advising her that she being placed on a three day unpaid suspension pending termination as a result of her excessive policy violations.[24]

On December 15, 2011, Plaintiff's physician completed a second FMLA form indicating that Plaintiff was suffering from a "recent flare" of migraines, insomnia, anxiety and depression and required medical leave from November 28, 2011 through December 18, 2011.[25]

---

[19] Defendant's Appx. at 157.
[20] Plaintiff's Response to MSJ at docket number 21-12 (Exhibit C-6).
[21] Plaintiff's Response to MSJ at docket number 21-13 (Exhibit D).
[22] Plaintiff's Response to MSJ at docket number 21-11 (Exhibit C-5).
[23] Defendant's Appx. at 160.
[24] *Id.* at 166.
[25] Plaintiff's Response to MSJ at docket number 21-10 (Exhibit C-4).

On December 31, 2011, Plaintiff received counseling for failing to account properly for a refund.[26] On this same day she was again placed on a three day unpaid suspension pending termination as a result of her excessive policy violations.[27]

On January 18, 2012, Plaintiff was discharged for excessive policy violations.[28]

On April 17, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging retaliation and disability discrimination.[29] The EEOC issued a notice of right to sue letter on May 11, 2012.[30]

Plaintiff brings suit alleging that she was discriminated against because of her disability and subjected to harassment and retaliation in violation of the Texas Commission on Human Rights Act (TCHRA), Texas Labor Code §§ 21.051, et seq. Alternatively she claims that she was discriminated, harassed and retaliated against because Costco perceived she was disabled. Plaintiff also alleges that Defendant failed to reasonably accommodate her disabilities.

## Defendant's motion for summary judgment

Costco argues that Plaintiff was discharged for legitimate, non-discriminatory and non-retaliatory reasons - - excessive tardiness, absenteeism and performance issues.

In addition, Costco argues that Plaintiff failed to exhaust administrative remedies because: (1) any claims arising before October 20, 2011 are time-barred; (2) she only claimed

---

[26] Defendant's Appx. at 168.
[27] *Id*. at 172.
[28] *Id*. at 174. Specifically Plaintiff was discharged for incurring violations on April 12, 2011 (NSF check); June 18 (excessive tardiness); October 11 (failure to follow posted schedule); October 13 (excessive policy violations); October 13 (failure to follow posted schedule); December 5 (excessive policy violations); and December 31 (refund error). Plaintiff's Response to MSJ at docket number 21-27 (Exhibit K).
[29] The charge reads as follows: "I believe I suffered discrimination, harassment and retaliation because of disabilities and complaints in violation of the Americans with Disability [sic] Act and the Texas Labor Code. I suffer from tendonitis, carpal tunnel and neck and back injuries. I have requested accommodations from my employer but they have refused to accommodate my disabilities. As a result of complaints and subsequent retaliation, I was wrongfully terminated on January 18, 2012. I have attached my statement which is incorporated herein." Defendant's Appx 236. No statement was attached. The EEOC contacted Plaintiff's attorney in an effort to obtain the statement and despite being given an extension of time to provide the document, the document was never tendered to the EEOC. Defendant's Appx. at 234, 241-242, 243.
[30] Plaintiff's Response to MSJ at docket number 21-28 (Exhibit L).

disability based upon back and neck injuries in her charge of discrimination and her claims of depression, stress and anxiety were never raised in the charge of discrimination; (3) Plaintiff failed to cooperate with the EEOC causing the EEOC to dismiss the charge within 24 days of its filing; (4) Plaintiff cannot establish a disparate treatment claim; (5) Plaintiff cannot establish a failure to accommodate claim; (6) Plaintiff cannot establish a harassment claim; and (7) Plaintiff cannot establish a retaliation claim.

## Summary Judgment Standard

Summary judgment is granted under Federal Rule of Civil Procedure 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.56(a); *see also Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012). The main purpose of summary judgment is to dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Id*. at 323. If the moving party meets this burden, the non-moving party must come forward with specific facts that establish the existence of a genuine issue for trial. *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc*., 699 F.3d 832, 839 (5th Cir. 2012). In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 150 (2000). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*., 337 F.3d 539, 541 (5th Cir. 2003).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## Analysis

### Limitations

To comply with the exhaustion of administrative remedies doctrine under Chapter 21 of the Texas Labor Code a plaintiff must file a charge of discrimination with the Texas Workforce Commission (TWC) or the EEOC within 180 days of the alleged discriminatory practice. Tex. Labor Code § 21.202(a); *City of El Paso v. Marquez*, 380 S.W.3d 335, 341 (Tex. App. - El Paso 2012, no pet.).

Plaintiff filed her charge of discrimination with the EEOC on April 17, 2012. Accordingly, any claims prior to October 20, 2011 are time barred. Plaintiff appears to concede this point, but argues that acts prior to October 20, 2011 are relevant background facts.[31] The Court need not decide this evidentiary issue at this time. Plaintiff's claims prior to October 20, 2011 are barred by limitations. Accordingly, the only non-barred claims consist of the counseling notices Plaintiff received on November 10, 2011 and December 31, 2011, her November 10, 2011 three-day suspension, and her January 18, 2012 discharge.

### Scope of charge filed with the EEOC

As stated above, Plaintiff complained to the EEOC that she was being discriminated against by her employer because she was suffering from tendonitis, carpal tunnel and neck and back injuries. Plaintiff does not identify in her Original Petition how she is disabled, other than vague references to anxiety and stress.

---

[31] Plaintiff's Response to MSJ at Section VI.

As recently stated by the Houston First Court of Appeals: "The law is well settled that the scope of TCHRA litigation is limited to claims that were included in the administrative charge and to factually related claims that could reasonably be expected to grow out of the agency's investigation of the claims stated in the charge." *Walcott v. Texas Southern Univ.*, 2013 WL 593488, *10 (Tex. App.-Houston [1st Dist.] 2013, no pet. h.).

The administrative charge should be construed with "utmost liberality." *Id.* (citations omitted). "Nonetheless, the charge must contain an adequate factual basis to put the employer on notice of the existence and nature of the charges." *Id.* "The crucial element of a discrimination charge is the factual statement contained in the administrative complaint." (relying upon 29 C.F.R. § 1601.12(b) (2009) ("a charge is sufficient when ... sufficiently precise to identify the parties, and to describe generally the action or practices complained of"). The charge will not be construed, however, to include facts that were initially omitted. *Id.*

Stated differently, the Austin Court of Appeals has held that claims in a lawsuit may include only those stated in the charge of discrimination and are "factually related claims that could reasonably be expected to fall within the agency's investigation of the claims stated in the charge." *County of Travis ex rel. Hamilton v. Manion*, 2012 WL 1839399, *5 (Tex. App.-Austin 2012, no pet.). *See also University of Texas v. Poindexter*, 306 S.W.3d 798, 812 (Tex. App.– Austin 2009, no pet.) (disparate impact claim not alleged in charge only a disparate treatment claim); *Hamar v. Ashland, Inc.*, 211 Fed. Appx. 309 (5th Cir. 2006) (failure to accommodate and disparate treatment represent distinct categories of disability discrimination. The EEOC could not reasonably have been expected, when presented with a claim alleging disparate treatment arising on August 29, 2003, to investigate the entirely distinct failure-to-accommodate claim arising from January 2003 through June of 2003); *MacKenzie v. City and County of Denver*, 414

F.3d 1266 (10th Cir. 2005) (MacKenzie's charges of discrimination with the EEOC regarding identified only one disability - coronary disease.  Second alleged disability – depression "plainly exceeds the scope of her EEOC charge").

To the extent that Plaintiff is claiming that she was discriminated against or harassed because she suffers from depression, anxiety disorders, insomnia, stress or other similar conditions (or that she was discriminated against or harassed because she was perceived to be disabled from those conditions), those allegations exceed the scope of her EEOC charge. Plaintiff has not exhausted her administrative remedies regarding any such allegations and those claims are dismissed.

**Plaintiff's failure to cooperate with the EEOC**

Defendant complains that Plaintiff failed to cooperate with the EEOC during its investigation and failed to provide that agency with the information it had been requesting. Defendant argues (relying upon *Munoz v. Aldridge*, 894 F.2d 1489 (5th Cir. 1990)) that this failure to cooperate should result in dismissal of Plaintiff's claims.  *Munoz* does not support Defendant's argument, and in any event *Munoz* was construing 42 U.S.C. § 2000e–16, the general prohibition against discrimination by federal employers.  This is a private employer case under the Texas Commission on Human Rights Act.

In this case the EEOC was assigned the investigation of the charge of discrimination. Once it had issued its notice of right to sue letter, Plaintiff's counsel on July 24, 2012 requested that the TWC issue its right to sue notice.[32]   Texas Labor Code § 21.253 provides that upon written request the complainant may request an expedited notice of a right to sue if:  (1) the complainant suffers from a life-threatening illness or (2) the TWC executive director certifies that the charge cannot be processed within 181 days.  Based upon the EEOC's processing of the

---

[32] Defendant's Appx. at 250.

charge, the TWC issued a right to sue notice on July 24. Although the TCHRA contemplates a complainant's cooperation with the investigating agency prior to a civil lawsuit being filed, in this particular case Defendant suffered no prejudice by the early termination of the EEOC and TWC's processing of this claim. Defendant's motion for summary judgment on this basis is denied.

### Disparate Treatment Claim

To establish a prima facie case of disability discrimination under the TCHRA, Plaintiff is required to show that: (1) she has a "disability;" (2) was "qualified" for the job; and (3) she suffered an adverse employment decision because of her disability. *Hagood v. County of El Paso*, --- S.W.3d ----, 2013 WL 2250613 (Tex. App.-El Paso 2013, no pet. h.) (relying upon *Davis v. City of Grapevine*, 188 S.W.3d 748, 757 (Tex. App.-Fort Worth, 2006, pet. denied) and *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996)).

Because Plaintiff and her counsel only raised claims of tendonitis, carpal tunnel and neck and back injuries before the EEOC, this Court may only review Plaintiff's competent summary judgment evidence to determine if she is disabled (as that term is defined in the TCHRA) because of those conditions.

A plaintiff must make a threshold showing that he has a disability. *Morrison v. Pinkerton Inc.*, 7 S.W.3d 851, 854–55 (Tex. App. - Houston [1st Dist.] 1999, no pet.). An individual can be classified as disabled under any one of the three definitions of the term contained in the Act. *Id*. "Disability" is defined as (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual, (2) a record of such an impairment, or (3) being regarded as having such an impairment. Tex. Labor Code Ann. § 21.002(6).

A "major life activity" is considered to be something akin to "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." *Hartis v. Mason & Hanger Corp.*, 7 S.W.3d 700, 703 (Tex. App.—Amarillo 1999, no pet.) (*quoting*, 29 C.F.R. § 1630.2(i)).

"The determination of whether an individual is disabled is necessarily fact intensive." *Primeaux v. Conoco, Inc.*, 961 S.W.2d 401, 404 (Tex. App.—Houston [1st Dist.] 1997, no writ). In determining if one is substantially limited in a major life activity, a court should consider: "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." *Garcia v. Allen*, 28 S.W.3d 587, 596 (Tex. App. - Corpus Christi 2000, no pet.).

In opposition to the motion for summary judgment, Plaintiff merely argues that her "hernia[33], her carpal tunnel syndrome and the tendonitis in her legs prevented her from doing such things such as lifting heavy objects, running, moving briskly and performing certain other manual tasks."[34] With regard to her carpal tunnel syndrome and tendonitis, Plaintiff provides no competent summary judgment evidence that these conditions substantially limited one or more of the major life activities. Indeed, on November 9, 2011, Plaintiff's physician completed a FMLA form that indicated that Plaintiff could return to work with no further physical restrictions. Plaintiff fails to establish that she is disabled as that term is defined under the TCHRA. Accordingly summary judgment is granted to Defendant as to this claim.

---

[33] Plaintiff provides no evidence regarding any hernia condition and in any event that was not raised in her EEOC charge.
[34] Plaintiff's Response (docket no. 21) at p. 25.

**Failure to Accommodate Claim**

Under a reasonable accommodation claim, a plaintiff must show that: (1) he has a "disability"; (2) an employer covered by the statute had notice of his disability; (3) with "reasonable accommodations" he could perform the "essential functions" of his position; and (4) the employer refused to make such accommodations. *Hagood v. County of El Paso*, --- S.W.3d ----, 2013 WL 2250613 at *7.

Inasmuch as Plaintiff has failed to establish that she is disabled as that term is defined under the TCHRA, Plaintiff's failure to accommodate claim is barred. In the alternative, any request made by the Plaintiff for an accommodation occurred outside the limitations period.

**Harassment Claim**

A cause of action for disability-based harassment has been recognized by the Fifth Circuit under the Americans with Disabilities Act. *See Flowers v. Southern Regional Physician Services Inc.*, 247 F.3d 229 (5th Cir. 2001). Assuming such a cause of action also exists under the TCHRA, as stated above Plaintiff has failed to establish that she is disabled as that term is defined under the TCHRA. *See Ellzey v. Gusman*, 2011 WL 2580549, *10 (E.D. La. Jun 29, 2011). Accordingly Plaintiff's claim fails as a matter of law.

In the alternative, "to succeed on a claim of disability-based harassment, the plaintiff must prove: (1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment; (3) that the harassment complained of was based on her disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action." *Id*. at 235-236. The disability-based harassment must "be sufficiently

pervasive or severe to alter the conditions of employment and create an abusive working environment." *Id*. at 236.

The only claims within the limitations period are Plaintiff received two counseling notices, was placed on a three-day suspension for workplace violations, and was subsequently discharged. Plaintiff presents no competent summary judgment evidence that those actions created an abusive working environment. *See Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500, 506 (5th Cir. 2002); *Ballard v. Healthsouth Corp*., 147 F.Supp.2d 529, 536 (N.D. Tex. 2001). Further, Plaintiff presents no competent summary judgment evidence that the harassment complained of was based on her physical disabilities (made the subject of the EEOC charge).

**Retaliation Claim**

To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in a protected activity, (2) an adverse employment action occurred, and (3) a causal link exists between the filing of the claim and the termination. *Green v. Lowe's Home Ctrs., Inc*., 199 S.W.3d 514, 518 (Tex. App.-Houston [1st Dist.] 2006, pet. denied); *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67- 68 (2006).

The alleged protected activity engaged in by Plaintiff occurred sometime in 2009 (request for a transfer because of on-the-job stress) and September 13, 2010 (conversation with Sophia Terada), January 2011 (meeting with Kim Hudson), and March 3, 2011 (call and letter from Kristina Jung). The only claims within the limitations period are Plaintiff's two counseling notices (November 10, 2011 and December 31, 2011), placement on a three-day suspension (November 10, 2011) and her subsequent discharge (January 18, 2012).

Assuming that these contacts constitute protected activity[35], Plaintiff fails to establish a causal link between these contacts and her three-day suspension and later discharge. A plaintiff's subjective beliefs of retaliation alone are not evidence of causation. *Univ. of Texas M.D. Anderson Cancer Center v. Valdizan-Garcia*, 2012 WL 5545783, *7 (Tex. App.-Houston [1st Dist.] 2012, no pet.). "Mere temporal proximity between the adverse action and the protected conduct is insufficient evidence to show a causal link for the purposes of summary judgment." *Gumpert v. ABF Freight System, Inc.*, 293 S.W.3d 256, 262-263 (Tex. App. – Dallas 2009, no pet.) (relying upon *Strong v. University Healthcare System, L.L.C.*, 482 F.3d 802, 806 (5th Cir. 2007)). In this case there is not even close temporal proximity between the alleged protected conduct and the counselings, suspension and discharge. *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471-72 (5th Cir. 2002) (holding that a five-month lapse, by itself, does not support an inference of a causal link).

Further, a "plaintiff asserting a retaliation claim must establish that, in the absence of his protected activity, the employer's prohibited conduct would not have occurred when it did." *Univ. of Texas M.D. Anderson Cancer Center v. Valdizan-Garcia*, 2012 WL 5545783, *6 (Tex. App.-Houston [1st Dist.] 2012, no pet.); *Chandler v. CSC Applied Techs.*, 376 S.W.3d 802 (Tex. App.-Houston [1st Dist.] July 12, 2012, no pet.). "Thus, the plaintiff must establish a 'but for' causal nexus between the protected activity and the prohibited conduct." *Id.*[36] Plaintiff provides nothing more than her subjective belief on this issue.[37]

---

[35] Defendant argues that Plaintiff's complaints were vague. "Protected activities consist of (1) opposing a discriminatory practice; (2) making or filing a charge; (3) filing a complaint; or (4) testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing." *Univ. of Texas M.D. Anderson Cancer Center v. Valdizan-Garcia*, 2012 WL 5545783, *6 (Tex. App.-Houston [1st Dist.] 2012, no pet.).

[36] "The plaintiff is not required to establish that the protected activity was the sole cause of the employer's prohibited conduct." *Id.*

[37] Plaintiff attempts to explain some of the circumstances regarding why some of the workplace infractions took place. The mere fact that she disagrees with these counseling notices, however, does not create a material fact issue.

Accordingly, for the above reasons, Defendant's motion for summary judgment on Plaintiff's retaliation claim is granted.

## Conclusion

In her Original Petition, Plaintiff alleged that she was discriminated against because she was perceived to be disabled.[38]  See Plaintiff's Original Petition at ¶ 31.  Defendant has not specifically moved for summary judgment on that claim.  Plaintiff did not discuss this claim in her response.  Accordingly, the Court is not sure whether Plaintiff is still advancing this claim or not.

Plaintiff is ordered to file an advisory with the Court within ten days of this Order stating whether she intends to advance any claim that Defendant perceived her to be disabled because of her tendonitis, carpal tunnel and neck and back injuries.  In the event Plaintiff does wish to pursue this claim, Defendant is granted leave to file a motion for summary judgment on this remaining claim if it so desires.

Defendant's motion for summary judgment is granted.  However, since a claim still remains pending, the Clerk is instructed not to close this file.

SIGNED this 25th day of July, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[38] A person is "regarded as" disabled if she: (1) has an impairment that is not substantially limiting but that her employer perceives as being substantially limiting; (2) has an impairment that is substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 281 (5th Cir.2000).